ELECTRONICALLY FILED - 2022 Mar 17 3:49 PM - CHARLESTON - COMMON PLEAS - CASE#2022CP1001278

| | | |
|---|---|---|
| STATE OF SOUTH CAROLINA | ) | IN THE COURT OF COMMON PLEAS |
| | ) | |
| COUNTY OF CHARLESTON | ) | C.A. No:  2:22-cv-01577-RMG-MGB |
| | | |
| JULIUS BONAYON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | SUMMONS |
| | ) | (JURY TRIAL REQUESTED) |
| THE BOEING COMPANY, | ) | |
| | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

YOU ARE HEREBY SUMMONED and required to answer the Complaint in this action a copy of which is hereby served upon you, and to serve a copy of your Answer to the Complaint on the subscriber at his office at 4000 Faber Place Drive, Suite 300, North Charleston, SC 29405 within thirty (30) days after the service thereof, exclusive of the day of service.  If you fail to answer the Complaint within the time aforesaid, the Plaintiff in this action will apply to the Court for the relief demanded in the Complaint and judgment by default will be rendered against you.

Respectfully Submitted,


_s/Bonnie Travaglio Hunt_
Bonnie Travaglio Hunt
Hunt Law LLC
Federal Bar # 07760
SC Bar # 12341
Attorney for the Plaintiff
4000 Faber Place Drive, Suite 300, N. Charleston, 29405
Post Office Box 1845, Goose Creek, SC 29445
(843)553-8709
Facsimile (843)492-5509
bthunt@huntlawllc.com



_s/Peter Kaufman_
Peter Kaufman
Kaufman Labor & Employment Solutions, LLC
Federal Bar # 11302
SC Bar #100144
295 Seven Farms Dr. Ste C-267
Charleston, SC 29492
(843)513-6062
pkaufmanlaw@gmail.com

March 17, 2020

ELECTRONICALLY FILED - 2022 Mar 17 3:49 PM - CHARLESTON - COMMON PLEAS - CASE#2022CP1001278

ELECTRONICALLY FILED - 2022 Mar 17 3:49 PM - CHARLESTON - COMMON PLEAS - CASE#2022CP1001278

| | | |
|---|---|---|
| STATE OF SOUTH CAROLINA | ) | IN THE COURT OF COMMON PLEAS |
| | ) | |
| COUNTY OF CHARLESTON | ) | C.A. No: |
| | | |
| JULIUS BONAYON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | COMPLAINT |
| | ) | (JURY TRIAL REQUESTED) |
| THE BOEING COMPANY, | ) | |
| | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

The Plaintiff, Julius "Jojo" Bonayon, by and through his undersigned attorneys Bonnie Travaglio Hunt of Hunt Law LLC and Peter M. Kaufman of Kaufman Labor Employment Solutions, LLC, does hereby make the following claims and allegations against the Defendant, The Boeing Company:

## **PARTIES AND JURISDICTION**

1.     The Plaintiff is a resident of the State of South Carolina.

2.     The Defendant, The Boeing Company (hereinafter referred to as Defendant) is a foreign corporation, which does business in, contracts in, and derives benefit from the laws of the State of South Carolina.

3.     This action is brought pursuant to Title VII of the Civil Rights Act of 1964. The jurisdiction of this Court is invoked to secure protection of and redress deprivation of rights guaranteed by federal law and state law which rights provide for injunctive and other relief for illegal discrimination in employment.

4.     All parties and events herein mentioned are within the jurisdiction of this Honorable Court.

ELECTRONICALLY FILED - 2022 Mar 17 3:49 PM - CHARLESTON - COMMON PLEAS - CASE#2022CP1001278

5.     This Court has jurisdiction over the parties and subject matter and venue is proper.

## PROCEDURAL HISTORY

6.     That on February 19, 2020, the Plaintiff filed a charge of discrimination with the EEOC alleging discrimination based on Race Discrimination, National Origin Discrimination, Disability Discrimination and Hostile Work Environment.

7.     That the Charge of Discrimination set forth the following:

I.     *That I have been employed with the employer since June 2007.  That I was hired in Structure Assembly.*

II.     *That during my employment I was considered an exemplary employee.  That I have had no discipline during my employment.*

III.     *That I am from the Philippines.*

IV.     *That I was treated differently based on my race/national origin by my managers Timothy Mason and Mr. Alvaro Hormaza.*

V.     *That I was in the Philippines about to return home when I suffered a medical emergency.  That I immediately notified my employer on 1/9/2020.  After the medical emergency had resolved I booked another flight to the US.*

VI.     *I returned to the US on 1/15/2020 and was informed that I had been terminated.*

VII.     *That other individuals who were not in my protected category were treated more favorably and not terminated for committing the same alleged acts or worse acts.*

*VIII.    That I was terminated based on a perceived disability in violation of*

*the Americans' with Disabilities Act.*

*IX.    That I have been discriminated against based on my race/national*

*origin in violation of Title VII.*

8.    That the EEOC issued a right to sue on January 14, 2022.

9.    The EEOC Right to Sue set forth "The EEOC is closing its file on this charge for the

following reason:  The EEOC has adopted the findings of the state or local fair

employment agency that investigated this charge.

10.    That not more than 90 days have passed since the issuance of the Right to Sue.

**FACTS**

11.    That the Plaintiff is from the Philippines.  That the Plaintiff is Asian.

12.    The Plaintiff has significant experience in the aircraft industry.

13.    That the Plaintiff was hired as an Assembler in June of 2007 in Assembly Structure.

14.    That the Plaintiff was promoted to Wiring and Structure Assembly.

15.    That the Plaintiff was considered an exemplary employee.

16.    That the Plaintiff was directly supervised by Timothy Mason for the last 3 to 4

months of my employment.

17.    That the Plaintiff was injured during his employment.  As a result of that injury, he

was perceived as disabled by his employer.

18.    That the Plaintiff had no substantial discipline during his employment.

19.    As an employee, the Plaintiff was very familiar with all policies and procedures of

the Defendant, Boeing including but not limited to all policies and procedures

regarding safety requirements from the FAA.

ELECTRONICALLY FILED - 2022 Mar 17 3:49 PM - CHARLESTON - COMMON PLEAS - CASE#2022CP1001278

ELECTRONICALLY FILED - 2022 Mar 17 3:49 PM - CHARLESTON - COMMON PLEAS - CASE#2022CP1001278

20.    That in November 2019 the Plaintiff had an argument with Hormaza.  The Plaintiff was instructed to do work by Hormaza that the Plaintiff was unable to perform because he was doing jobs for Mason.  The Plaintiff met with Senior Manager Anthony Coney and told him what happened with Hormaza.  Coney wanted to know if the Plaintiff wanted to report Hormaza to HR.  The Plaintiff said he did not want to report it as he was afraid of retaliation.

21.    That the Plaintiff was to use vacation and sick leave to be away from work from December 3, 2019, to January 9, 2020.  The plan was that the Plaintiff return to work January 10, 2020.  That the Plaintiff informed Timothy Mason of his plans a month before he left.  The Plaintiff was aware that he was short on leave but informed his employer that he wanted to use Leave Without Pay. The Plaintiff informed Timothy Mason that he would be in the Philippines and showed him the plane tickets and fully explained his plans.  Mr. Mason agreed to the Plaintiff's plan.

22.    Mason instructed the Plaintiff to send an email with all the information.  The Plaintiff did not mention Leave Without Pay in the email.

23.    Mason did not reply to the email.

24.    A couple of days before the Plaintiff was to leave, he reminded Mason in person of his plans, including that he would be using vacation, sick leave and Leave without Pay.  Mason did not inform the Plaintiff that he could not use Leave without Pay.

25.    The Plaintiff sent another email to Mason a couple of days before he was leaving in order to remind Mason of his plans.   Mason did not respond to this email either.

ELECTRONICALLY FILED - 2022 Mar 17 3:49 PM - CHARLESTON - COMMON PLEAS - CASE#2022CP1001278

26.  Mason and Hormaza treated the Plaintiff significantly different than they treated other employees, including giving the Plaintiff excessive jobs while other employees were allowed to play video games.

27.  During the Plaintiff's employment 25 persons reported to Mason.  The Plaintiff and one other person were the only Asians that reported to Mason.  The Plaintiff and the other Asian employee both made complaints regarding treatment by Mason.

28.  That the Plaintiff is treated differently by other teammates as well.

29.  On January 8, 2020, Mason called the Plaintiff while he was in the Philippines.  The Plaintiff missed his call as the Philippines has a 12-hour time difference.

30.  The Plaintiff texted Mason back.  Mason informed the Plaintiff that he was supposed to be back at work on January 7, 2020.  The Plaintiff informed Mason that his flight was January 9, 2020, and that he would be back at work Monday.  The Plaintiff further informed Mason that the Plaintiff was not feeling well.  After talking to Mason the Plaintiff suffered a medical emergency at the airport and was required to be taken to the hospital.  The Plaintiff immediately informed Mason of his medical emergency.

31.  Mason replied that this was ok and he would place the Plaintiff on Family Medical Leave Act.

32.  While at the hospital the Plaintiff was informed that he had a severe panic attack.  The Dr. issued the Plaintiff a medical certificate that set forth the cause of the Plaintiff's hospital visit to give to his employer.  That the Plaintiff's medical condition qualifies as a medical condition under the Family Medical Leave Act.

ELECTRONICALLY FILED - 2022 Mar 17 3:49 PM - CHARLESTON - COMMON PLEAS - CASE#2022CP1001278

33.    While in the Philippines the Plaintiff went to an internet café to sign his ETS time. The Plaintiff recorded 8 hours absence without pay for January 2, 2020. The Plaintiff also signed off 16 hours of absence without pay for the week ending December 16, 2019.

34.    On January 15, 2020, the Plaintiff was contacted by Mason who told him to call him immediately. The Plaintiff received the text message when he landed in Atlanta. Mason called the Plaintiff while he was in the airport and informed the Plaintiff that he was discharged from his employment.

35.    The Plaintiff than received a FEDEX envelope at my home address with a copy of a CAM stating that he was discharged for "extended absences."

36.    At the time of termination, the Plaintiff was informed that he was terminated for excessive absences.

37.    That the Plaintiff was terminated by Timothy Mason as well as Alvaro Hormaza who filled in for Mason on occasion.

38.    The Defendant contends that the Plaintiff failed to file for FMLA on time. However, the Plaintiff was in the Philippines when he was treated at the hospital. That the Plaintiff was terminated for his medical condition, Race and National Origin.

39.    After being terminated the Plaintiff applied for unemployment. That the Plaintiff's claim for unemployment was denied.

40.    That as a direct and proximate result of the Defendant's intentional and unlawful action of wrongfully terminating the Plaintiff, the Plaintiff has suffered lost wages, emotional damages, compensatory and consequential damages.

41.    That the Plaintiff is entitled to an award of actual damages, compensatory, consequential, and punitive damages against the Defendant for his unlawful termination.

ELECTRONICALLY FILED - 2022 Mar 17 3:49 PM - CHARLESTON - COMMON PLEAS - CASE#2022CP1001278

42.    That as a direct and proximate cause of the Defendant's wrongful termination in violation of Title VII for race discrimination and National Origin Discrimination, failure to provide Family Medical Leave Act, Retaliation and hostile work environment of the Plaintiff, the Plaintiff:

a.    Suffered the loss of his job;

b.    Suffered the loss of benefits associated with his job;

c.    Suffered future lost wages and benefits;

d.    Suffered consequential and compensatory damages;

e.    Suffered emotional damages;

f.    Incurred attorney's fees and costs as a result of having to bring this action.

43.    That the Plaintiff is entitled to an award of damages against the Defendant for actual damages, consequential damages, punitive damages, attorney's fees, costs of this action and other damages, such as this Honorable Court deems appropriate and just appropriate.

## FOR FIRST CAUSE OF ACTION

## RACE DISCRIMINATION IN VIOLATION OF TITLE VII 42 U.S.C. SECTION 1981

## NATIONAL ORIGIN DISCRIMINATION IN VIOLATION OF TITLE VII

44.    Paragraphs one (1) through forty-three (43) are hereby incorporated verbatim.

45.    That the Plaintiff is an employee as defined by South Carolina Law Human Affairs Law and Federal Law, 42 U.S.C. 1981 and Title VII.

46.    That the Defendant, The Boeing Company is an employer as defined by South Carolina Human Affairs Law and Federal Law, 42 U.S.C. 1981 and Title VII.

47.    That the Plaintiff has been treated differently based on his race by the Defendant.

ELECTRONICALLY FILED - 2022 Mar 17 3:49 PM - CHARLESTON - COMMON PLEAS - CASE#2022CP1001278

48.    That the Plaintiff was treated different than similarly situated employees outside of his protected class in violation of the laws of the State of South Carolina, laws of the United States and the Defendant's Policies and procedures.  That other employees were permitted to commit worse acts but were not terminated or disciplined for their actions.

49.    That during the Plaintiff's supervision by Mason and Hormaza the plaintiff was treated differently because he was Asian.  The Plaintiff and one other employee were the only Asians that were supervised by Mason and Hormaza and both filed complaints regarding differential treatment.

50.    That the Defendant allowed the Plaintiff to be discriminated against based on his race in violation of their own policies and procedures.

51.    That the Defendant allowed the Plaintiff's supervisor to treat Caucasian employees more favorably without repercussions.

52.    That the Defendants discriminated against the plaintiff based on his race and national origin.

53.    That the Defendants took adverse employment action against the Plaintiff by terminating his employment, failing to provide Family Medical Leave Act, subjecting him to a hostile work environment.

54.    That the Defendants subjected the Plaintiff to discrimination in violation of the law.

55.    That, as a direct and proximate result of the Defendants' intentional, unlawful and retaliatory actions, the Plaintiff:

    (a)    Suffered severe emotional distress;

    (b)    Suffered lost wages and benefits;

    (c)    Suffered future lost wages and benefits;

ELECTRONICALLY FILED - 2022 Mar 17 3:49 PM - CHARLESTON - COMMON PLEAS - CASE#2022CP1001278

(d)    Incurred attorney's fees and costs of this action.

56.    That the Plaintiff is entitled to an award of damages in the amount of actual damages, compensatory damages, consequential damages, punitive damages, attorney's fees, costs of this action, and other damages such as this Honorable Court deems appropriate and just.

## FOR A SECOND CAUSE OF ACTION

## DISCRIMINATION IN VIOLATION OF AMERICANS WITH DISABILITIES ACT

57.    Paragraphs one (1) through fifty-six (56) are hereby incorporated verbatim.

58.    The Defendant is an employer as defined in ADA.

59.    That the Plaintiff is an employee as defined by the ADA.

60.    That the Plaintiff was considered an exemplary employee.

61.    That while he has been employed with the Defendant, the Plaintiff has been able and has performed his job duties in a satisfactorily level of the Defendant.

62.    That the Plaintiff had a history of issues with anxiety.  The Defendant was aware of these issues.  That while traveling in the Philippines the Plaintiff suffered a anxiety attack in airport.  The Plaintiff was taken to the hospital and issued a medical certificate.

63.    That the Defendant perceived the Plaintiff as disabled and wanted to find any reason to terminate the Plaintiff's employment.

64.    That the Defendant considered the Plaintiff's disability or perceived disability when considering any and all employment decisions.

65.    That the Defendant treated younger non-disabled employees more favorably.

66.    That the Defendant terminated the Plaintiff from his employment because of his perceived disability and their unwillingness that they may have to accommodate the disability.

ELECTRONICALLY FILED - 2022 Mar 17 3:49 PM - CHARLESTON - COMMON PLEAS - CASE#2022CP1001278

67. That the Defendant violated its own policies and procedures when it allowed employees to harass the Plaintiff based on a perceived disability.

68. As a result of that perceived disability the Defendant's employees terminated his employment.

69. That the Defendant discriminated against the Plaintiff based on his disability, record of disability, and or perceived disability.

70. That the Defendant is the proximate and direct cause of damage to the Plaintiff.

71. That any and all reasons offered by the Defendant as a reason for the Plaintiff's termination is pretextual.

72. That the Plaintiff has suffered severe emotional damages as a result of the Defendant's discrimination against the Plaintiff.

73. That the Plaintiff was subjected to discrimiantion based on consideration of his disability, the Defendant's perception of the Plaintiff's disability, or in consideration of the Plaintiff's disability, the Defendant violated the ADA.

74. That as a direct result of the Defendant's violation of ADA the Plaintiff has suffered:

    a. Lost wages and lost benefits;

    b. Future lost wages and Benefits;

    c. Economic damages;

    d. Economic hardship;

    e. Lost wages;

    f. Suffered anxiety, humiliation and emotional damages.

ELECTRONICALLY FILED - 2022 Mar 17 3:49 PM - CHARLESTON - COMMON PLEAS - CASE#2022CP1001278

75.    That the Plaintiff is entitled to recover damages from the Defendant in the amount of actual damages, consequential damages, punitive damages, reasonable attorney's fees, the costs of this action and all other damages available pursuant to the ADA for the Defendant's discrimination against the Plaintiff based on his disability.

<u>**FOR A THIRD CAUSE OF ACTION**</u>

<u>**HOSTILE WORK ENVIRONMENT**</u>

<u>**BASED ON NATIONAL ORIGIN**</u> **IN VIOLATION OF TITLE VI**

<u>**AGAINST THE DEFENDANT**</u>

76.    Paragraphs one (1) through seventy-five (75) are hereby incorporated verbatim.

77.    That the Plaintiff was an employee of the Defendant.

78.    That the Defendant was an employer in accordance with Title VII and Americans with Disabilities Act.

79.    That the Defendants subjected the Plaintiff to harassment and hostile work environment.

80.    That the Plaintiff's work environment was abusive, to the point of severe and pervasive.

81.    That the Plaintiff suffered severe emotional distress as a result of the Defendant's hostile work environment based on the Plaintiff's National Origin.

82.    That the Plaintiff's severe emotional distress was foreseeable as a result of the severe and pervasive work environment that the Defendant subjected the Plaintiff.

83.    That the Plaintiff has been damaged as a result of the Defendant's work environment.

84.    That the Defendant are the direct and proximate cause of damage to the Plaintiff.

85.    That the Plaintiff is entitled to actual, compensatory, consequential and punitive damages from the Defendant as a result of the hostile work environment.

ELECTRONICALLY FILED - 2022 Mar 17 3:49 PM - CHARLESTON - COMMON PLEAS - CASE#2022CP1001278

## FOR A FOURTH CAUSE OF ACTION

## RETALIATION IN VIOLATION OF TITLE VII

## AGAINST THE DEFENDANT

86.  Paragraphs one (1) through eighty-five (85) are hereby incorporated verbatim.

87.  That the Plaintiff participated in a protected act when he reported discrimination and retaliation.

88.  That the Plaintiff was retaliated against for reporting violations of his Civil Rights Act.

89.  That the Defendant took adverse employment action against the Plaintiff because he had engaged in actions protected by Title VII when he complained of national origin discrimination and race discrimination.

90.  That the Defendant treated the Plaintiff differently regarding the terms and conditions he reported discriminatory actions.  The Plaintiff suffered retaliation for his complaints regarding discrimination.

91.  That, as a direct and proximate result of the Defendants' intentional unlawful and retaliatory actions, the Plaintiff:

   a.  Suffered lost wages and lost benefits;

   b.  suffered severe emotional distress;

   c.  suffered future lost wages and future lost benefits;

   d.  suffered economic damages;

   e.  Loss of employment;

   f.  Loss of Future employment;

   g.  incurred attorney fees for this action;

   h.  incurred costs of this action; and

ELECTRONICALLY FILED - 2022 Mar 17 3:49 PM - CHARLESTON - COMMON PLEAS - CASE#2022CP1001278

      i.   will incur future attorney fees and costs.

92.    That the Plaintiff is entitled to an award of damages in the amount of actual damages, compensatory damages, consequential damages, punitive damages, attorney's fees previous, future and present, costs of previous future and this action, and other damages such as this Honorable Court deems appropriate and just.

## FOR A FIFTH CAUSE OF ACTION

## VIOLATIONS OF FAMILY MEDICAL LEAVE ACT

93.    Paragraphs one (1) through ninety-two (92) are hereby incorporated verbatim.

94.    That the Defendant, Boeing, terminated the Plaintiff while he should have been on Family Medical Leave Act due a serious medical condition.

95.    That the Defendant violated the law by terminating the plaintiff in violation of the Family Medical Leave Act.

96.    That the Defendant is the proximate and direct cause of damages to the Plaintiff.

97.    That the Plaintiff is entitled to an award of damages from the Defendant for their termination of the Plaintiff in violation of the Family Medical Leave Act.

WHEREFORE, the Plaintiff prays for an award of damages against the Defendant in the amount of:

A.    Actual damages;

B.    Consequential damages;

C.    Compensatory damages;

D.    Any and all damages permitted under Title VII and 42 U.S.C. Section 1981;

E.    Any and All damages permitted under the ADA;

F.    Any and All damages permitted under the Family Medical Leave Act;

G.    Punitive damages;

ELECTRONICALLY FILED - 2022 Mar 17 3:49 PM - CHARLESTON - COMMON PLEAS - CASE#2022CP1001278

H.      All other damages under South Carolina Law;

I.      Other damages such as this Honorable Court deems appropriate and just.

                        Respectfully Submitted,


                        *s/Bonnie Travaglio Hunt*
                        Bonnie Travaglio Hunt
                        Hunt Law LLC
                        Federal Bar # 07760
                        SC Bar # 12341
                        Attorney for the Plaintiff
                        4000 Faber Place Drive, Suite 300, N. Charleston, 29405
                        Post Office Box 1845, Goose Creek, SC 29445
                        (843)553-8709
                        Facsimile (843)492-5509
                        bthunt@huntlawllc.com

                        *s/Peter Kaufman*
                        Peter Kaufman
                        Kaufman Labor & Employment Solutions, LLC
                        SC Bar #100144
                        295 Seven Farms Dr. Ste C-267
                        Charleston, SC 29492
                        (843)513-6062
                        pkaufmanlaw@gmail.com

March 17, 2022